```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
PRESTWICK CAPITAL MANAGEMENT LTD.,      :
PRESTWICK CAPITAL MANAGEMENT 2 LTD., and :
PRESTWICK CAPITAL MANAGEMENT 3 LTD.,    :
                                        :
                         Plaintiffs,    :    09 Civ. 5979
                                        :         (DLC)
              -v-                       :
                                        :    OPINION & ORDER
PEREGRIN FINANCIAL GROUP, INC., ACUVEST :
INC., ACUVEST BROKERS, LLC, JOHN LOUIS  :
CAIAZZO, PHILIP FRANCIS GREY, and RENEE :
GATTULLO-WILSON,                        :
                                        :
                         Defendants.    :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiffs:

Philip M. Smith
Kate S. Woodall
Patton Boggs LLP
1185 Avenue of the Americas, 30th Floor
New York, NY  10036

For Defendant Peregrine Financial Group, Inc.:

Harris L. Kay
Jeffry M. Henderson
Henderson & Lyman
175 West Jackson Boulevard
Chicago, IL 60604

Rebecca J. Wing
General Counsel
Peregrine Financial Group, Inc.
190 South LaSalle Street, 7th Floor
Chicago, IL 60603

For Defendants Acuvest, Inc. and John Caiazzo:

Harris L. Kay
Jeffry M. Henderson
Henderson & Lyman
175 West Jackson Boulevard
Chicago, IL 60604

Laurence M. Landsman
Block & Landsman
11 South LaSalle Street, Suite 1600
Chicago, IL 60603

For Defendants Acuvest Brokers, LLC and Renee Gattullo-Wilson:

Howard S. Eilen
Scott D. Stechman
Lehman & Eilen LLP
50 Charles Lindbergh Blvd., Suite 505
Uniondale, NY 11553

For Defendant Philip Francis Grey:

Brandon Scott Reif
Brandon S. Reif & Associates, A.P.C.
1801 Century Park East, Suite 2400
Los Angeles, CA 90067

DENISE COTE, District Judge:

Four of the six defendants have moved to transfer this action pursuant to 28 U.S.C. § 1404 to the Northern District of Illinois. The two remaining defendants, residents of New York, seek a severance and dismissal of the claims against them. While it is unusual to transfer the claims against only some of the defendants, for the reasons explained below, this is that unusual case.

BACKGROUND

The complaint filed on June 30, 2009 by three related entities ("Prestwick") asserts against all defendants a claim for (1) violation of Sections 22(a) and 4o of the Commodities Exchange Act, and a second claim for (2) breach of fiduciary duty. According to the complaint, in 2005 to 2006, the Prestwick plaintiffs became limited partners in Maxie Partners L.P., a New York partnership, with an investment of over $7 million.[1] In May 2007, Prestwick sought to redeem its entire investment, but $4 million due and owing to Prestwick was never returned. The complaint asserts that its investment funds were lost through high risk trading in naked, out-of-the-money options.

The Prestwick plaintiffs are Canadian companies located in Alberta, Canada. Defendant Peregrine Financial Group, Inc. ("Peregrine") was the clearing broker for the Maxie Partners fund. It is an Iowa corporation with its principal place of business in Chicago, Illinois. Peregrine is registered with the Commodities Futures Trading Commission ("CFTC") as a Futures Commission Merchant and allegedly guaranteed compliance with the Commodities Exchange Act ("CEA") by defendants Acuvest Inc. ("Acuvest") and Acuvest Brokers, LLC ("Brokers").

---

[1] Neither Maxie Partners nor Winell Associates, Inc., a New York corporation that served as its designated investment manager, are named as defendants.

Acuvest is a Delaware corporation with its principal offices in Temecula, California. It is alleged to have acted as the introducing broker for the Prestwick investments. Defendants John Louis Caiazzo and Philip Francis Grey are residents of California and the President and Vice President of Institutional Sales, respectively, of Acuvest.

Brokers is a New York corporation located in New York. The complaint does not identify any role that Brokers played in the loss of Prestwick's investment, but notes that both Acuvest and Brokers are registered with the CFTC as Guaranteed Introducing Brokers. Defendant Renee Wilson is a New York resident, a principal and employee of Brokers, and a branch manager of Acuvest. It is alleged that she was responsible for executing commodities trades for Maxie Partners; the complaint does not identify when she had those duties or whether she handled any trading related to Prestwick's investments.

Prestwick alleges that in April 2007, it informed Grey at Acuvest that the plaintiffs wished to redeem their investments. Despite assurances that the sums in their capital accounts of over $7 million would be wired to plaintiffs in June or July 2007, only $3.2 million was returned to Prestwick between August and October 2007. Non-defendant Howard Winell advised Prestwick in August 2007 that the remaining funds would become available soon, but no further funds were received after October 2007.

4

DISCUSSION

All of the defendants except Brokers and Wilson have moved to transfer this action to the Northern District of Illinois.[2] Brokers and Wilson do not oppose the transfer of the claims brought against their co-defendants, but seek a severance if those defendants' motions to transfer are granted. Brokers and Wilson also seek dismissal of the complaint for failure to state a claim against them.

Because it is undisputed that Brokers was not formed until November 29, 2007, and was not registered as an introducing broker until June 13, 2008 -- years after the Prestwick investment in the Maxie fund, and months after Prestwick sought to redeem that investment -- it would appear that Brokers and Wilson (to the extent she is identified in the complaint because of her role in Brokers) have been added to the complaint to provide some plausible connection for the plaintiffs' choice of a New York forum.[3] For the reasons set forth below, the claims against Brokers and Wilson are severed, and the claims against

---

[2] Given the result reached in this Opinion, it is unnecessary to reach the alternative ground for a transfer, i.e., the selection of Chicago as the forum for litigation in an agreement between one of the Prestwick plaintiffs and Peregrine, and in the agreement between the Maxie fund and Peregrine.

[3] Prestwick's counsel are New York attorneys. Counsel's presence in New York is not ordinarily weighed in evaluating whether a motion to transfer should be granted.

5

the remaining defendants are transferred to the Northern District of Illinois.

The standard for a motion to transfer venue pursuant to 28 U.S.C. § 1404 is well established. Section 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has broad discretion to grant or deny motions to transfer and makes its determination based on "notions of convenience and fairness on a case-by-case basis." <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 106 (2d Cir. 2006); <u>see also</u> <u>Saccoccio v. Relin, Goldstein & Crane, LLP</u>, No. 06 Civ. 14351(DLC), 2007 WL 1334970, at *1 (S.D.N.Y. May 7, 2007). The movant bears the burden of establishing that transfer is warranted. <u>Saccoccio</u>, 2007 WL 1334970, at *1. If the transferee court also has jurisdiction over the case, the court must determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate. <u>Id.</u> The factors a court considers in making that determination include:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.

6

D.H. Blair, 462 F.3d at 106-07 (citation omitted). A court may also consider "the forum's familiarity with the governing law," and "trial efficiency and the interest of justice, based on the totality of the circumstances." Berman v. Informix Corp., 30 F.Supp.2d 653, 657 (S.D.N.Y. 1998).

The plaintiff's choice of forum should not be disturbed "unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." Id. at 656 (citation omitted). The plaintiff's choice is entitled to less deference, however, where the forum is not the plaintiff's home and the cause of action did not arise in the forum. See Iragorri v. United Tech. Co., 274 F.3d 65, 71 (2d Cir. 2001); see also Erick Van Egeraat Associated Architects B.V. v. NBBJ LLC, No. 08 Civ. 7873(JSR), 2009 WL 1209020, at *5 (S.D.N.Y. Apr. 29, 2009).

The parties do not dispute that the Northern District of Illinois has jurisdiction over the claims brought in the instant action against all defendants except Brokers and Wilson. While courts should ordinarily defer to a plaintiff's choice of forum, that choice is entitled to less deference where, as here, the forum is not the plaintiff's home and the cause of action did not arise in the forum. Moreover, the plaintiffs have not identified any conduct by the defendants in New York that has given rise to their claims. While it is true that the Maxie

fund operated in New York, the plaintiffs have not sued that fund in this action. As a result, the plaintiffs' choice of forum will be given less deference than it would otherwise be entitled to receive.

The convenience of all of the parties except Brokers and Wilson favors the transfer of this action. The plaintiffs are Canadian and located far closer to Chicago than New York. A principal defendant is located in Chicago, and the remaining defendants whose claims will be transferred reside in California and support the transfer. Peregrine's work on the Maxie fund investments occurred in Chicago. Acuvest points out that it has executed an indemnification agreement with Peregrine, and has a strong interest in facing these claims within the same action in which Peregrine is litigating these claims. These facts suggest that the transfer of the action to Chicago will be more convenient not just for the parties but also for relevant witnesses associated with these parties and for access to documents held by these parties. None of the parties have suggested that their relative means should factor in this analysis.

Prestwick makes principally three arguments in opposition to the transfer. First, it points out that the two corporate defendants who request the transfer, Peregrine and Acuvest, have New York offices. It adds that Peregrine is the only party

located in Chicago, and its liability is "merely derivative" of Acuvest's since it is based upon its alleged responsibility as a guarantor for damages arising from Acuvest's violations. While it is true that Peregrine and Acuvest currently have New York offices, Peregrine's services as a futures commission merchant on the Maxie account were rendered from Chicago. Acuvest was not registered to do business in New York during the period that Prestwick made its investments in the Maxie fund, and only became so registered after Prestwick's redemption of funds was to have taken effect. As a result, its registration in New York today reflects little about its connection to this jurisdiction during the events at issue.

Second, Prestwick contends that the presence of non-parties Maxie Partners, Winell Associates and its principal Howard Winell in New York is highly relevant since they are "central witnesses to the transactions at issue." While the location of non-parties is a relevant factor, see D.H. Blair, 462 F.3d at 106-07, Prestwick has failed to offer through an affidavit or otherwise any description of the witnesses or records that it would need from these three non-parties to pursue the claims it has brought against the defendants. Without that detailed showing, this argument will be given some, but not great weight. Prestwick's final argument, described next, confirms that the

need for evidence from these non-parties should not weigh heavily in this decision.

Finally, Prestwick argues that this action will be determined primarily "by the legal requirements" of the CEA, and the unauthorized trading of Prestwick's investment funds after it exercised its redemption rights. As a result, the volume of records and testimony necessary to establish liability is "remarkably small" and located "largely" in New York. If this is so, then it is even more appropriate to emphasize the convenience of the parties in balancing the § 1404 factors. For the reasons already described, the defendants bringing this transfer motion have shown that they would be substantially convenienced by the transfer, and that convenience trumps the limited deference to which Prestwick's choice of forum is entitled.

If the claims against all defendants but Brokers and Wilson are transferred to the Northern District of Illinois, Prestwick, Brokers, and Wilson all agree that the claims against Brokers and Wilson should be severed. Because Brokers and Wilson have also moved to dismiss the claims against them, a separate scheduling order will give Prestwick an opportunity to amend its complaint as it relates to these two defendants.

CONCLUSION

The August 21 motion of Peregrine, the August 24 motion of Acuvest Inc. and Caiazzo, and the September 9 motion of Grey to transfer the claims against them to the Northern District of Illinois are granted. The September 9 motion of Acuvest Brokers, LLC and Wilson for a severance is granted.

SO ORDERED:

Dated: New York, New York
October 21, 2009

_____
DENISE COTE
United States District Judge